UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHIVA STEIN, Derivatively on Behalf of COMPASS MINERALS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEVIN S. CRUTCHFIELD, RICHARD P. DEALY, EDWARD C. DOWLING, JR., ERIC FORD, GARETH JOYCE, MELISSA M. MILLER, JOSEPH E. REECE, LORI A. WALKER, PAUL S. WILLIAMS, AMY J. YODER, FRANCIS J. MALECHA, JAMES D. STANDEN, and ANTHONY J. SEPICH, <br><br> Defendants, <br><br> COMPASS MINERALS INTERNATIONAL, INC., <br><br> Nominal Defendant. | Case No. 23-2038-JWB |

**ORDER**

This matter comes before the court on the parties' Joint Motion to Stay Case. (ECF 7.) The motion asks the court to stay this derivative action (the "Derivative Action") pending the resolution of an anticipated motion to dismiss in a related case styled, *Local 295 IBT Employer Group Welfare Fund v. Compass Minerals International, Inc.*, Case No. 22-2432-EFM (D. Kan.)

1

(the "Securities Class Action").  As discussed further below, the motion is granted in part and denied in part.

The parties explain that the allegations in this Derivative Action are related to those in the Securities Class Action and are based on similar underlying facts.  In the Securities Class Action, the court set a deadline for defendants to file a motion to dismiss by May 12, 2023.  In this case, the parties assert that staying the Derivative Action until the court resolves the anticipated motion to dismiss would serve the interests of judicial economy and preserve the parties' resources.

The decision to stay discovery lies within the trial court's sound discretion.  *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002).  The court may exercise "its discretion to provide 'economy of time and effort for itself, for counsel, and for litigants.'"  *See Beltronics USA, Inc. v. Midwest Inventory Distribution LLC*, 545 F. Supp. 2d 1188, 1189 (D. Kan. 2008) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  Considering the procedural posture of the related Securities Class Action, the court agrees that temporarily staying this action is warranted and will conserve the court's and the parties' resources.

Thus, to the extent the parties request a stay of proceedings, the request is granted.  But, at the parties' request, the stay does not prevent (1) any party from moving for entry of a protective order or (2) plaintiff from moving to consolidate a derivative related action and appoint lead counsel, or from filing a consolidated or amended complaint.  To the extent the motion asks the court to enter an order solidifying other agreements the parties reached (such as plaintiff's purported right to lift the stay without court order or defendants' obligation to notify plaintiff of any mediation scheduled in the Securities Class Action), the motion is denied.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Stay Case (ECF 7) is granted in part and denied in part, as set out above. All pretrial proceedings in this case, including scheduling discovery and setting deadlines, are stayed until further order of the court.

**IT IS FURTHER ORDERED** that, within 14 days of the court's ruling on defendants' anticipated motion to dismiss in the related Securities Class Action, the parties must submit a joint status report with their proposed plan to move this Derivative Action forward.

**IT IS SO ORDERED.**

Dated March 23, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
