**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| SHIVA STEIN, Derivatively on Behalf of COMPASS MINERALS INTERNATIONAL, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 23-2038-EFM-ADM |
| KEVIN S. CRUTCHFIELD, RICHARD P. DEALY, EDWARD C. DOWLING, JR., ERIC FORD, GARETH JOYCE, MELISSA M. MILLER, JOSEPH E. REECE, LORI A. WALKER, PAUL S. WILLIAMS, AMY J. YODER, FRANCIS J. MALECHA, JAMES D. STANDEN, and ANTHONY J. SEPICH, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| COMPASS MINERALS INTERNATIONAL, INC., | ) ) ) | |
| Nominal Defendant. | ) ) | |

**ORDER**

This shareholder derivative action comes before the court on the parties' joint motion to lift the stay in this case for the purpose of consolidating the action with related shareholder derivative actions and appointing lead counsel for plaintiffs in any consolidated action. (ECF 21.) The motion is denied without prejudice.

1

On February 1, 2023, Shiva Stein filed this shareholder derivative action on behalf of Compass Minerals International, Inc. ("Compass") against certain Compass board members and executive officers.  On March 23, 2023, the court granted the parties' joint motion to stay the action pending the resolution of an anticipated motion to dismiss in a related securities class action styled *Local 295 IBT Employer Group Welfare Fund v. Compass Minerals International, Inc.*, Case No. 22-2432-EFM-ADM (D. Kan.) (the "Securities Class Action").  (ECF 9.)  After the court's order ruling that motion to dismiss, the parties filed a motion to continue the stay in this case.  The court granted the motion on January 9, 2024, continuing the stay of this derivative action until (1) the Securities Class Action is dismissed with prejudice, (2) completion of fact discovery in the Securities Class Action, or (3) the announcement of a settlement by the parties in the Securities Class Action.  (ECF 17.)  That stay remains in effect.

On October 30, 2024, Stein, along with Fabrizio Morelli, filed a second shareholder derivative action on Compass's behalf against certain Compass board members and executive officers, some but not all of whom overlap with those named as defendants in this action.  The second shareholder derivative action is styled *Morelli v. Malecha*, Case No. 24-2495-EFM-ADM (D. Kan.).  It appears that many of the allegations in the second derivative action stem from the same events at issue in this action, although the *Morelli* case covers an extended time period.[1] There is no indication on the docket that plaintiffs have served the individual defendants in the *Morelli* case, although the court recognizes the parties' representation in the current motion that

---

[1] The motion states, "[T]he Parties agree that the Related Derivative Actions challenge substantially similar alleged conduct by the same Company directors and executive officers, involve substantially similar questions of law and fact, and involve overlapping factual allegations."  (ECF 21, at 3.)

"Defendants accept service of the complaints in the Related Derivative Actions."  (ECF 21, at 4.)  No counsel has entered an appearance on behalf of any defendant in the *Morelli* case.

On November 22, the parties filed the current motion, asking the court to temporarily lift the stay for the limited purposes of consolidating the two derivative actions, as well as future actions, and appointing lead plaintiffs' counsel in the proposed consolidated action.  The court finds such action premature at this procedural juncture.

First, as noted above, no defendant has entered an appearance in the *Morelli* case.  If plaintiffs wish to move forward with seeking consolidation, it would behoove them to serve defendants or file waivers of service of summons in the *Morelli* case so as to trigger formal appearances on behalf of the defendants.  The court finds it improper to consider the issue of consolidation without giving all potentially affected defendants an opportunity to be heard on this issue.  And the court's concerns about this issue are even further exacerbated by the fact that the current motion seeks to consolidate not only the two currently pending shareholder derivative actions, but also any future-filed actions.  Should the parties renew their request for consolidation at some point, they should expect to set forth more fulsome legal support for this relief.

Second, the parties' current motion is too perfunctory to warrant the appointment of lead and liaison counsel requested by the parties.  The structure the parties request—essentially, that the court appoint co-lead and co-liaison counsel who are already counsel of record in the two respective cases—appears to be no different than simply allowing counsel of record to continue in their current roles, albeit with the two cases consolidated.  The only distinction would be that, if the court were to also consolidate any future-filed actions (as the parties request), the parties' proposed structure for co-lead and co-liaison counsel would also presumably impose the same structure on any future-filed action.  The court is not inclined to impose such a structure on as-yet-

3

unknown litigants, particularly in the absence of a more fulsome record.  The court cautions the parties that, if and when they renew their request for appointment of lead and liaison counsel, the court is unlikely to appoint more than one firm as liaison counsel.

For these reasons, the court denies the current motion to lift the stay and for other relief at this time.  This denial is without prejudice to the filing of a future motion (after the second derivative action progresses) to consolidate cases and appoint lead and liaison counsel.  Nothing would prevent the parties from filing such a motion, even during the pendency of the stay, because the court's order granting the stay provides that the stay "does not prevent plaintiff from moving to consolidate a derivative-related action and appoint lead counsel, or from filing a consolidated or amended complaint."  (ECF 17, at 2.)  However, if the parties intend to renew their request to consolidate and appoint counsel not only for this case and the *Morelli* case, but also for any future-filed cases, they should also address why the court should grant such relief during the pendency of the stay rather than after the stay is lifted.

**IT IS SO ORDERED.**

Dated December 18, 2024, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge