UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| SHIVA STEIN, Derivatively on Behalf of COMPASS MINERALS INTERNATIONAL, INC.,<br><br>        Plaintiff,<br><br>  vs.<br><br>KEVIN S. CRUTCHFIELD, RICHARD P. DEALY, EDWARD C. DOWLING, JR., ERIC FORD, GARETH JOYCE, MELISSA M. MILLER, JOSEPH E. REECE, LORI A. WALKER, PAUL S. WILLIAMS, AMY J. YODER, FRANCIS J. MALECHA, JAMES D. STANDEN, and ANTHONY J. SEPICH,<br><br>        Defendants,<br><br>  and<br><br>COMPASS MINERALS INTERNATIONAL, INC.,<br><br>        Nominal Defendant. | Lead Case No. 23-cv-2038-EFM-ADM<br><br>(Consolidated with *Morelli v. Malecha,* Case No. 24-cv-2495-EFM-ADM) |

*[Caption continued on following page]*

| | |
|---|---|
| FABRIZIO MORELLI, Derivatively on Behalf of COMPASS MINERALS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FRANCIS J. MALECHA, JAMES D. STANDEN, ANTHONY J. SEPICH, KEVIN S. CRUTCHFIELD, RICHARD P. DEALY, EDWARD C. DOWLING, JR., ERIC FORD, GARETH JOYCE, MELISSA M. MILLER, JOSEPH E. REECE, LORI A. WALKER, PAUL S. WILLIAMS, AMY J. YODER, VALDEMAR L. FISCHER, RICHARD S. GRANT, DAVID J. D'ANTONI, and ALLAN R. ROTHWELL, <br><br> Defendants, <br><br> and <br><br> COMPASS MINERALS INTERNATIONAL, INC., <br><br> Nominal Defendant. | Case No. 24-2495-EFM-ADM |

**ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a Stipulation and Agreement of Settlement (the "Stipulation") was made and entered into as of July 14, 2025, by and among: (i) plaintiffs Shiva Stein ("Plaintiff Stein") and Fabrizio Morelli ("Plaintiff Morelli") (collectively, the "Plaintiffs"), in the above-captioned shareholder derivative actions (the "Derivative Actions"),[1] brought derivatively on behalf of Compass Minerals International, Inc. ("Compass" or the "Company"); (ii) nominal defendant Compass; and (iii) individual defendants Kevin S. Crutchfield, Richard P. Dealy, Edward C.

---

[1] The Derivative Actions were consolidated "for the purposes of the discovery phase of the actions" and the action captioned *Stein v. Crutchfield et al.*, Case No. 23-cv-2038-EFM-ADM (the "*Stein* Action") was designated as the lead case. *Stein* Action, Doc. 25.

Dowling, Jr., Eric Ford, Gareth Joyce, Melissa M. Miller, Joseph E. Reece, Lori A. Walker, Paul S. Williams, Amy J. Yoder, Francis J. Malecha, James D. Standen, Anthony J. Sepich, Valdemar L. Fischer, Richard S. Grant, David J. D'Antoni, and Allan R. Rothwell (the "Individual Defendants," and together with Compass, the "Defendants," and together with Compass and the Plaintiffs, the "Parties"), which sets forth the terms and conditions of the proposed settlement of the Derivative Actions, subject to review and approval by this Court pursuant to Rule 23.1 of the Federal Rules of Civil Procedure upon notice to Current Compass Stockholders (as defined in the Stipulation);

NOW, upon application of the Parties to the Derivative Actions, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto,

**IT IS HEREBY ORDERED** this 15th day of August, 2025, as follows:

1. Except for the terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for the purposes of this order.

2. The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation and exhibits attached thereto, subject to further consideration at the Settlement Hearing (defined herein) to be held as described below.

3. A hearing (the "Settlement Hearing") shall be held on October 14, 2025, at 1:30 p.m., at the United States District Court for the District of Kansas, Kansas City, Kansas courtroom to be determined at a later date to, among other things: (a) determine whether the proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable, and adequate and in the best interests of Compass and all Current Compass Stockholders; (b) determine whether the Court should finally approve the Settlement and enter the Order and Final Judgment, substantially in the form attached as Exhibit E to the Stipulation, dismissing the Derivative Actions

with prejudice against the Released Persons, and extinguishing and releasing the Released Claims as against the Released Persons; (c) consider whether to approve the payment of Fee and Expense Amount in the amount agreed to by the Parties to Plaintiffs' Counsel and Service Awards for the Plaintiffs to be drawn therefrom; and (d) consider any other matters that may properly be brought before the Court in connection with the Settlement.

4. The Settlement Hearing may be adjourned by the Court from time to time without further notice to Current Compass Stockholders other than by announcement at the Settlement Hearing or other adjournment thereof, or a notation on the docket in the Derivative Actions.

5. The Court reserves the right to approve the Settlement at or after the Settlement Hearing, with such modifications as may be consented to by the Parties, and without further notice to the Current Compass Stockholders. The Court retains jurisdiction over the Derivative Actions to consider further applications arising out of or connected with the proposed Settlement.

6. The Court approves, as to form and content, the Summary Notice, attached as Exhibit D to the Stipulation, and the Notice of Pendency and Proposed Settlement of Derivative Actions (the "Long Form Notice") attached as Exhibit C to the Stipulation as (i) the best notice practicable under the circumstances; (ii) notice that is reasonably calculated, under the circumstances, to apprise Current Compass Stockholders of the pendency of the Derivative Actions, the effect of the proposed Settlement (including the Releases to be provided thereunder), Plaintiffs' Counsel's Fee and Expense Amount in connection with the Settlement, Current Compass Stockholders' rights to object to any aspect of the Settlement, and to appear at the Settlement Hearing; (iii) due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process, and all other applicable law and rules. The date

and time of the Settlement Hearing shall be included in the Summary Notice and Long Form Notice when they are distributed.

7. No later than ten (10) business days after the entry of this Preliminary Approval Order (the "Notice Date"), Compass shall make reasonable efforts to: (i) post the Long Form Notice and the Stipulation (and exhibits thereto) on the Investor Relations page of Compass' website and maintain the documents there until after the Settlement Hearing; (ii) publish the Summary Notice in *GlobeNewswire* with a link to the Company's Investor Relations webpage where the Long Form Notice and Stipulation (and exhibits thereto) will be posted and available; and (iii) file with the U.S. Securities and Exchange Commission (the "SEC") the Long Form Notice and Stipulation (and exhibits thereto) as exhibits to the Current Report on Form 8-K.

8. Compass shall pay any and all costs and expenses related to providing notice of the proposed Settlement ("Notice Costs") regardless of whether the Court declines to approve the Settlement or the Effective Date otherwise fails to occur. In no event shall Plaintiffs, any other Compass shareholder, the Defendants, or any of their attorneys (including Plaintiffs' Counsel) be responsible for any Notice Costs.

9. No later than twenty-one (21) days before the Settlement Hearing, Defendants' Counsel shall serve on Plaintiffs' Counsel in the Derivative Actions and file with the Court an appropriate declaration with respect to dissemination of notice of the Settlement.

10. As set forth in the Long Form Notice, any Current Compass Stockholder who continues to own shares of Compass common stock through the date of the Settlement Hearing and who objects to the proposed Settlement, the proposed Judgment to be entered in connection with the Settlement, or Plaintiffs' Counsel's application for a Fee and Expense Amount, or who otherwise wishes to be heard ("Objector"), may appear in person or by his, her, or its attorney at

the Settlement Hearing and present any evidence or argument that may be proper and relevant; provided, however, that no Objector shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon, unless he, she, or it has, no later than fourteen (14) days before the Settlement Hearing (unless the Court in its discretion shall thereafter otherwise direct, upon application of such person and for good cause shown), filed written objections with the Court and sent by hand or first class mail, postage pre-paid to Plaintiffs' Counsel and the Clerk of Court at the following addresses:

**Plaintiffs' Counsel**
Seth D. Rigrodsky
RIGRODSKY LAW, P.A.
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Email: sdr@rl-legal.com

Timothy Brown
THE BROWN LAW FIRM, P.C.
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Email: tbrown@thebrownlawfirm.net

**Clerk of Court**
United States District Court
District of Kansas (Kansas City)
500 State Avenue, Room 259
Kansas City, KS 66101
Telephone: (917) 735-2200
Email: ksd_clerks_kansascity@ksd.uscourts.gov

11. Any objections must: (i) state whether the Objector intends to appear at the Settlement Hearing; (ii) provide the Objector's name, legal address, and telephone number; (iii) provide proof of being a Current Compass Stockholder as of the date of the execution of the Stipulation and representation that the Objector will continue to own Compass stock as of the date of the Settlement Hearing; (iv) the dates the Objector acquired Compass shares and the number of

shares held; (v) a detailed statement of the Objector's specific position with respect to the matters to be heard at the Settlement Hearing, including a statement of each objection being made; and (vi) provide the grounds for each objection or the reason for the Objector's desire to appear and to be heard. The Parties are authorized to request from any Objector additional information or documentation sufficient to prove his, her, or its holdings of Compass common stock.

12. Any Person who fails to object in the manner prescribed above shall be deemed to have waived such objection (including the right to appeal), unless the Court in its discretion allows such objection to be heard at the Settlement Hearing, and shall forever be barred from raising such objection in these Derivative Actions or any other action or proceeding or otherwise contesting the Settlement, Plaintiffs' Counsel's application for a Fee and Expense Amount, or any other matter related to the Settlement, in the Derivative Actions or any other action or proceeding, and will otherwise be bound by the Judgment to be entered and the releases to be given.

13. The Plaintiffs shall file and serve a motion for final approval of the Settlement and application for a Fee and Expense Amount on or before forty-five (45) days prior to the date set herein for the Settlement Hearing. If Objectors seek to file objections to the Settlement, they shall do so on or before fourteen (14) days before the Settlement Hearing. Any reply papers in support of the motion for final approval, the Fee and Expense Amount, or in response to any objections, are to be filed with the Court no later than seven (7) days prior to the Settlement Hearing.

14. If the Settlement is approved by the Court following the Settlement Hearing, the Court shall enter the Judgment substantially in the form attached to the Stipulation as Exhibit E.

15. In the event that the Settlement is terminated in its entirety pursuant to the terms of Stipulation or the Effective Date otherwise fails to occur for any reason, the Settlement and the Stipulation shall be canceled and terminated; this Order (except as otherwise provided by the

Stipulation) shall become null and void and be without prejudice to the rights of the Parties and Current Compass Stockholders; and all proceedings in, and parties to, the Derivative Actions shall revert to their status in the Derivative Actions as of the date of the Stipulation.

16. All discovery and other proceedings in the Derivative Actions (except as may be necessary to carry out the terms and conditions of the proposed Settlement) are hereby stayed and suspended until further order of the Court. Except as provided in the Stipulation, pending final determination of whether the Stipulation should be approved, all parties to the Derivative Actions are hereby enjoined against instituting, commencing, prosecuting, continuing, or in any way participating in, whether directly, representatively, individually, derivatively on behalf of Compass, or in any other capacity, any action or other proceeding asserting any Released Claims against the Released Persons, and all Current Compass Stockholders to the extent they are acting, or purporting to act, derivatively on behalf of Compass, are hereby enjoined against instituting, commencing, prosecuting, continuing, or in any way participating in any action or other proceeding asserting any Released Claims against the Released Persons.

17. The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further notice to anyone other than the parties to the Derivative Actions and any Objectors.

IT IS SO ORDERED.

Dated this 15th day of August, 2025.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE